IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–00982–WJM–MDB

JAIME SANCHEZ,

    Plaintiff,

v.

JACKSON ANDREWS, in his personal capacity,
MARIO AOKI, in his personal capacity, and
FITZROY ROBINSON, in his personal capacity,

    Defendants.

## ORDER

    This matter is before the Court on the "Joint Motion to Stay Discovery," which was filed by Plaintiff Jaime Sanchez ["Plaintiff"] and Defendant Jackson Andrews ["Defendant Andrews"]. (Doc. No. 23.) For the following reasons, the Motion is **GRANTED**.

    Plaintiff brings this action, pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), asserting violations of his Fourth Amendment rights by three federal task force officers— Jackson Andrews, Mario Aoki, and Fitzroy Robinson. (Doc. No. 28.) Service was effectuated as to Defendant Andrews on July 12, 2022. (Doc. No. 16.) To date, Defendants Aoki and Robinson have not been served.

    On September 16, 2022, Plaintiff and Defendant Andrews jointly filed the present Motion, asking that discovery in this matter be stayed, pending resolution of Defendant Andrews' anticipated motion to dismiss, and until the remaining two defendants are served.

(Doc. No. 23.) Five days later, on September 16, 2022, Defendant Andrews filed a motion to dismiss Plaintiff's claims against him, in their entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 26.) On October 12, 2022, Plaintiff responded to Defendant Andrews' motion to dismiss by amending his complaint as a matter of course, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (Doc. No. 28; *see* Doc. No. 27.) Fourteen days later, on October 26, 2022, Defendant Andrews filed a motion to a dismiss Plaintiff's amended complaint.[1] (Doc. No. 29.)

      The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

      In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery

---

[1] Pursuant to Judge Martinez's Revised Practice Standard III.A.5., "[i]f a motion filed on the docket becomes moot for any reason, the party who filed the motion is directed to file a brief statement informing the Court of this fact and the reasons the motion is now moot." In this case, Defendant Andrews has not provided notice as to whether his initial motion to dismiss was mooted by Plaintiff's filing of an amended complaint. As a result, Defendant Andrews' initial motion to dismiss, though directed at a now non-operative pleading, remains pending.

rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).

In this case, as to the first and second factors, Plaintiff and Defendant Andrews argue that they would both be unduly burdened by moving forward with discovery at this time. (Doc. No. 23 at 3-4.) The parties argue, first, that they "would be prejudiced if discovery w[as] to proceed only for Plaintiff's claims to be dismissed, in which case the parties would have expended time and resources that could have been avoided had the case been stayed while the motion to dismiss was pending." (*Id.* at 3.) In addition, they argue that "it would be inefficient for Plaintiff to spend time and resources pursuing discovery as to one defendant, only to have to potentially duplicate his efforts as to the other defendants after they have been served." (*Id.* at 3-4.) Given that Plaintiff and Defendant Andrews have jointly requested a stay, and in light of the fact that the two remaining defendants have not yet been served, the Court agrees that the parties could be prejudiced by engaging in discovery at this time. Accordingly, the first and second factors

support the imposition of a stay. *See Herman v. PBIA & Co.*, No. 1:19-cv-00584-PAB-GPG, 2021 WL 5280487, at *2 (D. Colo. June 10, 2021) (finding the first two factors to weigh in favor of a stay, where the motion was jointly filed by all litigants).

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor also weighs in favor of stay. Indeed, it is certainly more convenient for the Court to enter a stay until it is clear which of Plaintiff's claims, if any, will move forward. The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese Incident* factors together, the Court finds that a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that the "Joint Motion to Stay Discovery" (Doc. No. 23) is **GRANTED**. Discovery in this matter is **STAYED** pending resolution of the two previously filed motions to dismiss (Doc. Nos. 26, 29). The parties shall file a joint status report within ten days of a final ruling on both motions to dismiss, if any portion of the case remains, to advise whether a scheduling conference should be set.

DATED: November 3, 2022.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge